## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**LUCIANA HAMDAN,**

      **Plaintiff,**

**v.**                               **Case No. 8:24-cv-1918-AAS**

**FRANK BISIGNANO,**
**Commissioner of the Social**
**Security Administration,[1]**

      **Defendant.**
_____/

## ORDER

Luciana Hamdan requests judicial review of a decision by the Commissioner of Social Security (Commissioner) issuing a partially favorable decision on her claim for disability insurance benefits (DIB) and supplemental security income (SSI) under the Social Security Act, 42 U.S.C. Section 405(g). After reviewing the record, including the transcript of the proceedings before the Administrative Law Judge (ALJ), the administrative record, the pleadings, and the memoranda the parties submitted, the Commissioner's decision is **AFFIRMED**.

---

[1] Frank Bisignano became the Commissioner of Social Security on February 16, 2025. Under Rule 25(d) of the Federal Rules of Civil Procedure, Mr. Bisignano should be substituted as the defendant in this suit. No further action needs to be taken to continue this suit through the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## I.    PROCEDURAL HISTORY

Ms. Hamdan applied for SSI on DIB on March 12, 2021, with an alleged disability onset date of October 1, 2012. (Tr. 17, 264–78). Disability examiners denied Ms. Hamdan's application initially and on reconsideration. (Tr. 141–44, 154–91). Ms. Hamdan requested and received a hearing before an ALJ, which was held on March 31, 2023. (Tr. 78–98). A supplemental hearing was held on August 11, 2023. (Tr. 41–78). The ALJ issued a partially favorable decision on November 27, 2023, finding Ms. Hamdan not disabled before March 12, 2021, but she became disabled on that date. (Tr. 17–31). Ms. Hamdan requested the Appeals Council's review of the ALJ's partially favorable hearing decision. (Tr. 4, 263). The Appeals Council denied Ms. Hamdan's request for review on July 18, 2024, making the ALJ's decision final. (Tr. 1–3). Ms. Hamdan now requests review of the ALJ's final decision. (Doc. 1).

## II.    SUMMARY OF THE ALJ'S DECISION

The ALJ must follow five steps when evaluating a disability claim.[2] 20 C.F.R. §§ 404.1520(a), 416.920(a). First, if a claimant is engaged in substantial gainful activity,[3] she is not disabled. 20 C.F.R. §§ 404.1520(b), 416.920(b).

---

[2] If the ALJ determines the claimant is disabled at any step of the sequential analysis, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

[3] Substantial gainful activity is paid work that requires significant physical or mental activity. 20 C.F.R. §§ 404.1572, 416.972.

Second, if a claimant has no impairment or combination of impairments that significantly limit her physical or mental ability to perform basic work activities, she has no severe impairment and is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c); *see McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986) (stating that step two acts as a filter and "allows only claims based on the most trivial impairments to be rejected"). Third, if a claimant's impairments fail to meet or equal an impairment in the Listings, she is not disabled. 20 C.F.R. §§ 404.1520(d), 416.920(d). Fourth, if a claimant's impairments do not prevent her from doing past relevant work, she is not disabled. 20 C.F.R. §§ 404.1520(e), 416.920(e). At this fourth step, the ALJ determines the claimant's residual functional capacity (RFC). *Id.* Fifth, if a claimant's impairments (considering her RFC, age, education, and past work) do not prevent her from performing work that exists in the national economy, she is not disabled. 20 C.F.R. §§ 404.1520(g), 416.920(g).

The ALJ found Ms. Hamdan had not engaged in substantial gainful activity since October 1, 2012, the alleged disability onset date. (Tr. 20). Before March 12, 2021, the date Ms. Hamdan became disabled, she had these medically determinable impairments: epilepsy, thyroid disorder, gastroparesis, and depressive disorder. (*Id.*). However, Ms. Hamdan did not have an impairment or combination of impairments that significantly limited (or was expected to significantly limit) her ability to perform basic work-related

3

activities for 12 consecutive months (*Id.*). Therefore, the ALJ determined Ms. Hamdan did not have a severe impairment or combination of impairments before March 12, 2021. (*Id.*)

The ALJ determined that beginning on March 12, 2021, Ms. Hamdan had these severe impairments: epilepsy, Grave's disease, hypertension, gastroparesis, vision impairment, obesity, depressive disorder, and anxiety disorder. (Tr. 24). However, Ms. Hamdan does not have an impairment or combination of impairments contained in the Listings. (Tr. 25). The ALJ determined that since March 12, 2021, Ms. Hamdan had the RFC to perform sedentary work,[4] except

> [Ms. Hamdan] is able to frequently climb ramps or stairs, stoop, crouch, and crawl but only occasionally kneel and never climb ladders, ropes or scaffolds. She must avoid visual tasks requiring good use of depth perception. She must must avoid exposure to heat, concentrated wetness, concentrated humidity, concentrated respiratory irritants and hazards. She is able to understand, remember and carry out/exercise judgment for simple tasks. She is able to work in an environment with few day-to-day changes in terms of work duties, work setting and work processes. She must avoid interaction with the general public. She must be allowed to elevate her lower extremities to waist level when seated.

(Tr. 27).

---

[4] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. §§ 404.1567(a), 416.967(a).

The ALJ considered Ms. Hamdan's RFC and the testimony of a vocational expert and concluded that since March 12, 2021, she could not perform her past relevant work. (Tr. 30). At step five, the ALJ concluded that since March 12, 2021, no jobs existed in significant numbers in the national economy that Ms. Hamdan could perform. (Tr. 30–31). Thus, Ms. Hamdan was not disabled before March 12, 2021, but became disabled on that date and continued to be disabled through November 27, 2023, the decision date. (Tr. 31).

## III. ANALYSIS

### A. Standard of Review

Review of the ALJ's decision is limited to reviewing whether the ALJ applied correct legal standards and whether substantial evidence supports his findings. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988); *Richardson v. Perales*, 402 U.S. 389, 390 (1971). Substantial evidence is more than a mere scintilla but less than a preponderance. *Dale v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (citation omitted). In other words, there must be sufficient evidence for a reasonable person to accept as enough to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citations omitted). The Supreme Court explained, "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).

A reviewing court must affirm a decision supported by substantial evidence "even if the proof preponderates against it." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (citations omitted). The court must not make new factual determinations, reweigh evidence, or substitute its judgment for the Commissioner's decision. *Id.* at 1240 (citation omitted). Instead, the court must view the whole record, considering evidence favorable and unfavorable to the Commissioner's decision. *Foote*, 67 F.3d at 1560; *see also Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (citation omitted) (stating that the reviewing court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual determinations).

### B.    Issues on Appeal

Ms. Hamdan raises two issues on appeal: (1) whether substantial evidence supports the ALJ's conclusion that Ms. Hamdan's depressive disorder would not significantly limit her ability to work before March 12, 2021; and (2) whether the ALJ's findings contain errors of law. (Doc. 15, pp. 3–19).

### 1. Whether the ALJ erred in finding Ms. Hamdan's depressive disorder would not limit her ability to work before March 12, 2021.

Ms. Hamdan argues the ALJ's decision is not supported by substantial evidence because the ALJ failed to thoroughly consider the medical evidence regarding her depressive disorder and erred in stating Ms. Hamdan lacked ongoing treatment during the 12 months before her date last insured. (Doc. 15,

pp. 11–15). In response, the Commissioner argues substantial evidence supports the ALJ's finding that Ms. Hamdan did not have a severe impairment or combination of impairments before March 12, 2021, and the ALJ's misstatement regarding Ms. Hamdan's treatment records did not affect his analysis of evidence or conclusion. (Doc. 21, pp. 9–15).

At step two of the five-step evaluation process, an ALJ must determine the severity of any claimed impairment. 20 C.F.R. §§ 404.1520(c), 416.920(c). A combination of impairments that meets the medical severity requirement also satisfies this step. *Id.* Therefore, this step "acts as a filter" to deny claims without severe impairment. *See Risch v. Comm'r of Soc. Sec.*, No. 24-12489, 2025 WL 1386673, at *3 (11th Cir. May 14, 2025) (citing *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987)).

An impairment that does not "significantly" impact a person's "physical or mental ability to complete basic work activities" cannot be labeled severe. 20 C.F.R. §§ 404.1522(a), 416.922(a). A diagnosis alone cannot be considered severe without the applicant's proof that the diagnosed impairment affects a person's ability to work. *See Wind v. Barnhart*, 133 F. App'x 684, 690 (11th Cir. 2005) (*citing McCruter v. Bowen*, 791 F.2d 1544, 1547) (11th Cir. 1986)). Therefore, an applicant diagnosed with major depressive disorder and generalized anxiety disorder is not automatically presumed to have mental impairments in work environments. *See Smith v. Comm'r of Soc. Sec.*, 501 F.

7

App'x 875, 879 (11th Cir. 2012).

Here, the ALJ adequately considered Ms. Hamdan's non-severe mental impairments. (Tr. 23–24). For example, the ALJ considered the medical opinions of state agency doctors, Barry Morris, Ph.D., and Richard Willens, Psy.D., and found them non-persuasive. (Tr. 23). On initial review, Dr. Morris found Ms. Hamdan's depressive related disorders to be non-severe. (*Id.*). Although Dr. Morris found Ms. Hamdan's anxiety-related disorders to be severe, there was a lack of sufficient evidence to evaluate work-related limitations. (*Id.*). Dr. Willens, on reconsideration, affirmed Dr. Morris' findings. (*Id.*).

The ALJ properly determined the severity of Ms. Hamdan's mental impairments by considering the relevant "paragraph b" four areas of mental functioning found in section 12.00C of the Listing of Impairments. 20 C.F.R., Part 404, Subpart P, Appendix 1. (Tr. 24). These four functioning areas include (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting or maintaining pace; and (4) adapting or managing oneself. (*Id.*).

The ALJ found Ms. Hamdan had no limitation for the first functioning area because Ms. Hamdan did not report "any problems with her memory before her date last insured . . ." (*Id.*). The ALJ found Ms. Hamdan had a mild limitation for the second functioning area because of her general appropriate

interactions with her medical providers despite occasions instances of depression. (*Id.*). The ALJ found Ms. Hamdan had no limitation for the third functioning area because evidence and interactions with medical providers showed an ability to maintain attention over periods. (*Id.*). Lastly, the ALJ found Ms. Hamdan had no limitation for the fourth functioning area because "she presented to examinations with appropriate dress/grooming and . . . there was no evidence she had problems responding to demands or adapting to changes." (*Id.*).

ALJs must include "some level of clarity" for the basis of their conclusion. *See Winschel v. Comm'r. of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011). This clarity includes ALJs explaining the weight given to medical opinions. *See Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981). Although clarity is required, an ALJ is not required to include specificities like "pinpoint citations." *See Deskins v. Comm'r of Soc. Sec.*, No. 2:15-cv-283-FtM-CM, 2016 WL 4409340, at *7 (M.D. Fla. Aug. 19, 2016). Throughout the ALJ's opinion, he consistently cited Exhibits 2F and 5F along with Exhibits 1A and 8A, which extensively cover Ms. Hamdan's ongoing medical appointments from 2012 through 2017. (Tr. 23–24). Therefore, the ALJ's decision offers a sufficient level of clarity for his disability determination during the relevant period.

The Commissioner concedes the ALJ incorrectly stated Ms. Hamdan had not received ongoing treatment lasting at least 12 months before her date last

insured. (Tr. 23–24). Indeed, Ms. Hamdan received ongoing psychiatric treatment every two to three months from a board-certified physician, T.D. Rao, during the relevant period. (*Id.*). Factual errors made by ALJs are considered "harmless" if the error "clear[ly]" did not impact the ALJ's final decision. *See Jacobus v. Comm'r of Soc. Sec.*, 664 F. App'x 774, 776 (11th Cir. 2016) (citing *Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983). The ALJ's factual error about Ms. Hamdan's treatment did not impact the ALJ's final decision. Despite stating that no medical treatment occurred during that 12-month period, the ALJ consistently cited Dr. Rao's records from the period at issue in forming his decision that Ms. Hamdan suffered from non-severe mental impairments. (Tr. 23–24). Therefore, the ALJ's misstatement clearly did not impact his final decision.

The ALJ thoroughly considered Ms. Hamdan's treatment records from 2012 through 2017. In addition, the ALJ's mistake of fact did not impact his conclusion. Thus, substantial evidence supports the ALJ's decision regarding Ms. Hamdan's mental impairments

### 2. Whether the ALJ's findings contain errors of law.

Ms. Hamdan argues the ALJ's findings contained errors of law because the ALJ did not mention Ms. Hamdan's GAF scores during the relevant time. (Doc. 15, pp. 16–18). In response, the Commissioner argues the ALJ did not err by failing to discuss GAF scores because GAF scores are not medical opinions.

(Doc. 21, pp. 15–17).

The Social Security Administration updated its instructions to ALJs for claims filed after March 27, 2017, to consider GAF scores as "other medical evidence." *See Coats v. Kijakazi*, No. 8:21-cv-01762-AEP, 2023 WL 2706857, at *12 (M.D. Fla. Mar. 30, 2023). ALJs, therefore, do not need to evaluate other medical evidence to analyze the persuasiveness factors. *Id.*; *see also* 20 C.F.R. §§ 404.1513(a)(3), 416.913(a)(3). (defining other medical evidence as "evidence from a medical source that is not objective medical evidence or opinion, including judgments about the nature and severity of your impairment").

Ms. Hamdan filed her application for disability benefits after March 27, 2017. (Doc. 21, p. 16). Accordingly, the updated Social Security Administration's instructions on GAF scores apply. *See Simon v. Comm'r of Soc. Sec.*, 7 F.4th 1094, 1104 n.4 (11th Cir. 2021) (noting that applications filed after March 27, 2017, should be considered under the new regulations). Thus, no error of law exists on this issue because the ALJ did not need to evaluate Ms. Hamdan's GAF scores due to their status as other medical evidence.

## IV.    CONCLUSION

For the reasons stated, the Commissioner's decision is **AFFIRMED,** and the Clerk is directed to enter judgment in favor of the Commissioner and close the file.

**ORDERED** in Tampa, Florida, on July 11, 2025.

AMANDA ARNOLD SANSONE
United States Magistrate Judge